IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CURTIS WILEY,

           Plaintiff,

v.                             CIVIL ACTION NO.   2:13-cv-02952

ASPLUNDH TREE EXPERT CO.,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Asplundh Tree Expert Co.'s ("Asplundh") motion for judgment on the pleadings with respect to Plaintiff Earl L. Evans's retaliation claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* [ECF 215].  Plaintiff Evans did not file a response in opposition to the motion.  For the reasons that follow, the Court **GRANTS** the motion.

*I.    BACKGROUND*

On January 18, 2013, Plaintiffs filed their Complaint in the Circuit Court of Lincoln County, West Virginia.  The Complaint alleged a purported collective action and two discrete counts.  The first count alleged violations of the FLSA, including the allegation that Defendant Asplundh failed to pay overtime compensation to Plaintiffs and failed to maintain employee time records.  The second count states a similar claim under the West Virginia Wage Payment Collection Act ("WVPCA"), West Virginia Code Section 21–5–1.

On February 19, 2013, Asplundh removed the case to this Court invoking this Court's federal question jurisdiction under 28 U.S.C. § 1331. On March 11, 2013, Plaintiffs filed a First Amended Complaint (the current Complaint), which alleges four distinct counts. Count One, as in the original Complaint, alleges an overtime pay claim under the FLSA. Count Two alleges a wrongful assignment claim under the WVPCA. Count Three alleges a claim of retaliatory discrimination under the FLSA. Count Four alleges a retaliatory wrongful discharge claim under West Virginia common law.[1]

In the months that followed the removal of this case to federal court, numerous individuals filed written consents to join this action as Plaintiffs. On December 31, 2013, one of these Plaintiffs, Earl L. Evans, filed two written consents to join this litigation (ECF 179, 180). These consent forms indicate that Mr. Evans had been employed with Defendant Asplundh from 2005 through August 20, 2010. The first form states that during his employment with Defendant, Mr. Evans worked more than forty hours a week and that Asplundh did not pay Mr. Evans overtime pay. The second form states that during his employment with Asplundh, Mr. Evans was "subjected to discrimination and/or retaliation for inquiring and/or complaining about the Defendant's alleged failure to pay overtime wages." (ECF 180 at 1.)

## II.   DISCUSSION

A.   *Rule 12(c) of the Federal Rules of Civil Procedure*

Defendant Asplundh moves for judgment on the pleadings on Count Three of the amended Complaint as to Plaintiff Evans. Rule 12(c) of the Federal Rules of Civil Procedure succinctly provides: "After the pleadings are closed—but early enough not to delay trial—a party may

---

[1] The Court granted Defendant's motion to dismiss Count Four on March 17, 2014.

2

move for judgment on the pleadings." *Williams v. Basic Contracting Servs., Inc.*, CIV.A. 5:09-CV-00049, 2009 WL 3756943 (S.D.W. Va. Nov. 9, 2009) (citing *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002). When considering a motion for judgment on the pleadings under Rule 12(c), the Court applies the same standard as when considering a motion to dismiss pursuant to Rule 12(b)(6). *Id.* (citing *Burbach.*, 278 F.3d at 405–06 (4th Cir. 2002)). Under the familiar standard of Rule 12(b)(6), the Court assumes the factual allegations in the pleadings to be true and construes them in the light most favorable to the non-moving party. *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Randall v. United States*, 30 F.3d 518, 522 (4th Cir.1994); and *Edwards v. City of Goldsboro*, 178 F.3d 231, 248 (4th Cir. 1999)).

If evidence outside the pleadings is tendered to and accepted by the Court, the motion for judgment on the pleadings is converted into a motion for summary judgment under Rule 56. *Id.* (citing *A.S. Abell Co. v. Baltimore Typographical Union*, 338 F.2d 190, 193 (4th Cir.1964); Fed. R. Civ. P. 12(d). There is one exception: The motion is not converted into a summary judgment motion if the Court considers documents and facts of which it may take judicial notice. *Id.* (citing *R.G. Fin. Corp. v. Vergara–Nunez*, 446 F.3d 178, 182 (1st Cir. 2006); *Armbruster Prods. v. Wilson*, No. 93–2427, 1994 U.S.App. LEXIS 24796, at *5, 1994 WL 489983 (4th Cir. Sept. 12, 1994) (unpublished)). The Court may take judicial notice of certain facts which are not subject to reasonable dispute, Fed.R.Evid. 201, and of the existence and contents of various types of official documents and records. *Id.* (citing *Lovelace v. Software Spectrum*, 78 F.3d 1015, 1018 (5th Cir.1996) (documents filed with government agencies); *Anderson v. FDIC*, 918 F.2d 1139, 1141 n.

1 (4th Cir. 1990) (records of bankruptcy court); *Bratcher v. Pharm. Prod. Dev., Inc.*, 545 F.Supp.2d 533, 538 n. 3 (W.D.N.C.2008) (EEOC complaints and right-to-sue notices)).

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; "importantly, [a Rule 12(b)(6) motion] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards*, 178 F.3d at 243-44 (citing *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). A Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief. *Id.* at 244.

  B.  Analysis

Applying these elemental procedural principles to this case, it is plain that based solely on the matters contained in the First Amended Complaint that Defendant's motion is meritorious. Plaintiffs' initial Complaint was filed nearly two-and-a-half years after Plaintiff Evans ceased his employment with Asplundh. Plaintiffs' factual allegations pertaining to conduct by Asplundh evidencing retaliation is expressly limited to acts that allegedly occurred *after* the filing of this lawsuit. More specifically, Paragraphs 31–32 of the First Amended Complaint, Plaintiffs set forth the factual detail underlying the retaliatory discrimination claim asserted in Count Three. Those paragraphs provide as follows:

> 31. As a consequence of inquiring and/or complaining about the violations of the FLSA and WPCA, and other substantial public policy, Asplundh discriminated against a number of Plaintiffs.

32. **After Plaintiffs filed suit in the instant action, Asplundh demonstrated its Retaliatory Discrimination against certain Plaintiffs by**:

a. Changing the location to where Plaintiffs must return Asplundh's trucks in the evening to a more distant location;

b. Forcing the Plaintiffs to travel daily from their homes over long distances to those more distant locations using Plaintiffs' personal vehicles, while refusing to pay for the Plaintiffs' increased costs of fuel and mileage.

c. Refusing to pay for the Plaintiffs' extra time lost travelling to those more distant locations;

d. Forcing some of the Plaintiffs to remain out of town without providing an adequate per diem reimbursement, thereby failing to cover the increased costs of food and hotel expenses and, thus, reducing plaintiffs' income to an intolerable level;

e. Disallowing some Plaintiffs to work their full shift at the remote work site by failing to provide the necessary equipment to perform the assigned work, thereby reducing Plaintiffs' compensable hours;

f. Occasionally failing to provide necessary equipment, thereby reducing Plaintiffs' hours and forcing Plaintiffs to spend more money to travel to the remote work site than Plaintiffs earned during the shift; and

g. (1) Directing Plaintiffs to drive to the remote work site in their personal vehicles; then (2) working the Plaintiffs for less than one hour; and then (3) stopping the Plaintiffs from working after one hour and dismissing them from the remote work site with no explanation, resulting in more daily expense than daily income.

(ECF 12 at 8–9.) (emphasis in original). Plaintiffs, who as plaintiffs are masters of their pleadings, have expressly limited the retaliatory acts allegedly performed by Defendant Asplundh to events and conduct occurring *after* the Plaintiffs filed suit, that is, on or after January 18, 2013. Because Plaintiff Evans ceased being employed by Asplundh in August 2010, Plaintiff Evans's retaliation claim fails as a matter of law.[2]

---

[2] In light of this ruling, the Court need not address Defendant's alternative statute of limitations argument.

### *III.     CONCLUSION*

For the foregoing reasons, the Court **GRANTS** Defendant Asplundh's motion for judgment on the pleadings as to Plaintiff Earl L. Evans on Count Three of the First Amended Complaint.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     July 29, 2014

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE